IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Nos. 23-1719 |
| | ) | 23-1941 |
| Plaintiff-Appellee, | ) | 23-1959 |
| | ) | |
| v. | ) | D.C. No. 17CR00661-DMG |
| | ) | |
| JULIAN OMIDI, | ) | MOTION TO FILE |
| | ) | SUPPLEMENTAL BRIEF |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Appellant Julian Omidi submits this Motion to File a Supplemental Brief. On September 3, 2024, this Court decided *United States v. Ovsepian*, \_\_\_ F.4th \_\_\_, No. 21-55515, 2024 WL 4020019 (9th Cir. Sep. 3, 2024), which vacated a 18 U.S.C. § 1028A conviction, finding that the jury instructions were inadequate and the possession of a patient's identification was not at the crux of the underlying healthcare-fraud scheme. The time for the government to file a petition for rehearing and rehearing *en banc* expired on September 17, 2024, with no petition being filed. Attached to this motion is a proposed supplemental brief arguing that Mr. Omidi's § 1028A conviction and two-year consecutive sentence should be vacated based on *Ovsepian* and other related arguments.

Although Mr. Omidi did not raise these issues in his opening brief, there is ample precedent permitting a supplemental brief in these circumstances. For example, in *United States v. Salman*, 792 F.3d 1087 (9th Cir. 2015), the defendant

challenged the sufficiency of the evidence supporting his insider-trading convictions in the district court but failed to raise such a claim in his opening and reply briefs on appeal. After his reply brief was filed, the Second Circuit decided a case that he claimed supported his sufficiency challenge. Once the Second Circuit denied the government's petition for rehearing, he filed a motion with this Court seeking leave to file a supplemental brief, which relied on the recent Second Circuit opinion to challenge the sufficiency of the evidence. *Id.* at 1090.

This Court granted his request and allowed the government an opportunity to respond. This Court further explained that the defendant's claims had not been waived by failing to raise them in his opening brief because there are exceptions to such a waiver or forfeiture rule, including "(1) for good cause shown or if a failure to [consider the claim] would result in manifest injustice, (2) when it is raised in the appellee's brief, or (3) if the failure to raise the issue properly did not prejudice the defense of the opposing party." *Salman*, 792 F.3d at 1090 (cleaned up). This Court held that the "third exception applie[d]" because "both parties have had a full opportunity to brief this issue and to address it at oral argument," and thus "the Government cannot complain of prejudice." *Id.*

Similarly, the third exception should apply here, as does the first exception because the failure to consider the claims in the proposed supplemental brief would result in manifest injustice. Oral argument is not scheduled until November 8,

2

2024, and Mr. Omidi certainly does not oppose allowing the government an opportunity to file an answer to the claims in his proposed brief. Because oral argument is almost seven weeks away, the government can even have a full 30-day period to file its supplemental brief, and that would still leave more than two weeks before oral argument.

Counsel for Mr. Omidi is new to this case, as prior counsel was forced to withdraw due to the deterioration of his health, and new counsel was able to review the relevant parts of the record and submit the proposed supplemental brief in the days since he has entered his appearance and *Ovsepian* was decided. Thus, the government should have sufficient time to respond to the proposed supplemental brief, which is only 10 pages.[1] This Court has invoked the third exception for new arguments made during oral argument and even after oral argument. *See Smith v. Garland*, 103 F.4th 663, 669-70 (9th Cir. 2024) (collecting cases). The pre-argument context of this request creates far less prejudice to the government.

Moreover, the new opinion in this case is a Ninth Circuit case, whereas the new decision in *Salman* was a non-binding Second Circuit case. Indeed, this Court ultimately rejected the Second Circuit's analysis. *See Salman*, 792 F.3d at 1093.

---

[1] Should the Court grant this motion, Mr. Omidi would also request the opportunity to file a short reply brief. New counsel is preparing as quickly as possible for oral argument and therefore would request at least four days to file a reply should one be permitted.

3

This Court, however, is bound by *Ovsepian*, and if this Court agrees that the reasoning in *Ovsepian* applies here and Mr. Omidi's § 1028A conviction and two-year consecutive sentence are tainted, the failure to consider the claims in the proposed supplemental brief would result in a manifest injustice.

Finally, although Mr. Omidi presciently objected to the jury instructions related to the § 1028A count in the district court, and therefore some of the arguments in his proposed brief perhaps could have been raised before *Ovsepian*, that does not distinguish this case from *Salman*. As mentioned, the argument raised in the defendant's supplemental brief in *Salman* was made in the district court. The new Second Circuit case arguably put the claim in a different light, and *Ovsepian* has done the same thing here. For all of these reasons, this Court should grant leave, file the proposed supplemental brief attached to this motion, and permit the government an opportunity to respond.[2]

Dated: September 24, 2024

Respectfully submitted,

s/Benjamin L. Coleman
BENJAMIN L. COLEMAN
BENJAMIN L. COLEMAN LAW PC
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 865-5106
blc@blcolemanlaw.com
*Counsel for Appellant*

---

[2] The government advised that it opposes this motion. Mr. Omidi is on bail.