BENJAMIN L. COLEMAN LAW ᴾᶜ

October 17, 2024

Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1526

>  Re: *United States v. Omidi*, Nos. 23-1719, 23-1941, 23-1959
>  Oral Argument: November 8, 2024, Phoenix, Arizona
>  Fed. R. App. P. 28(j) letter

Dear Clerk:

Appellant Julian Omidi responds to the new citations in the government's October 11, 2024 letter.

The government cites *United States v. Begay*, 33 F.4th 1081 (9th Cir. 2022) (*en banc*) to argue that "reckless indifference" is a "form of 'extreme recklessness'" equivalent to knowledge. Ordinary criminal recklessness requires a defendant to "consciously disregard" a "substantial" risk thereby grossly deviating from the conduct of "a law-abiding person," while "extreme recklessness"

1350 COLUMBIA STREET, SUITE 600, SAN DIEGO, CA 92101 | 619.865.5106 | BLC@BLCOLEMANLAW.COM

requires maliciously disregarding a "very high" or "extreme" risk of serious injury to others. *Id.* at 1092-94.

Even if "extreme recklessness" suffices (which Mr. Omidi disputes), there was instructional error because undefined reckless "indifference" does not even convey ordinary subjective recklessness, let alone the "extreme" standard. The deliberate-ignorance instruction, which itself was undermined by the reckless-indifference instruction, only required a "high" risk, not an "extreme" risk. 2-ER-377. Moreover, both instructions limited the risk inquiry to the truth of statements, 2-ER-377-78, and did not include risk of any harm, let alone serious injury to the victim. *Begay*, 33 F.4th at 1093.

The government also cites *United States v. Condron*, 98 F.4th 1, 19 (1st Cir. 2024), which stated that property fraud requires false statements "with knowledge of their falsity (or reckless indifference to their truth) *and 'with an intent to defraud.'*" The instructions here substituted (undefined) reckless indifference to truth for an intent to defraud. 2-ER-378.

Finally, in *United States v. Greenlaw*, 84 F.4th 325, 354 (5th Cir. 2023), the district court gave a robust good-faith instruction on intent to defraud stating that "[i]f you have a reasonable doubt as to whether or not the defendant had a good faith belief that what he or she was doing was legal, you must acquit the defendant . . . ." The district court also gave a good-faith instruction in *United States v. Lloyd*, 807 F.3d 1128, 1163 (9th Cir. 2015). No such instruction was given here, and the instruction in *Lloyd* was a "reckless *disregard*" instruction coupled with an additional subjective intent requirement, not a "reckless *indifference*" instruction as a means of showing fraudulent intent. *Id.* at 1165.

        Respectfully submitted,

        *s/Benjamin L. Coleman*
        BENJAMIN L. COLEMAN
        Benjamin L. Coleman Law PC
        *Counsel for Appellant Julian Omidi*