BENJAMIN L. COLEMAN LAW ᴾᶜ

October 23, 2024

Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1526

    Re:   *United States v. Omidi*, Nos. 23-1719, 23-1941, 23-1959
            Oral Argument: November 8, 2024, Phoenix, Arizona
            Fed. R. App. P. 28(j) letter

Dear Clerk:

Appellant Julian Omidi responds to the government's citation to *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) to argue, for the first time in its October 17, 2024 letter, that he waived a "*Milheiser* claim." This case is nothing like *Kama*, where the district court ruled on jurisdictional grounds, and the appellant *never* challenged that determination or even argued that an exception to waiver applied.

Unlike *Kama*, Mr. Omidi raised what the government now calls a "*Milheiser* claim" in his opening brief ("AOB"), contending

he is entitled to a new trial because the government presented an overbroad theory of fraud through its witnesses, AOB-24-27, and arguments. AOB-28 ("government pounded the point home in summation"). This was the same claim made in *United States v. Milheiser*, 98 F.4th 935 (9th Cir. 2024), and the reply brief ("RB") contended that, like *Milheiser*, 98 F.4th at 940, 945, the instructions did not remedy the overbroad theory because Mr. Omidi's request to instruct on the essential-element-of-the-bargain standard was rejected. RB-7; 2-ER-455-56, 459.

*Milheiser* was decided months *after* Mr. Omidi filed his opening brief and shortly before he filed his reply. He cited *Milheiser* at his first opportunity, RB-1,6-8, and the government has not requested supplemental briefing on *Milheiser* in the five months since. Mr. Omidi even suggested supplemental briefing on *Milheiser* and *Kousisis* (when decided, oral argument on December 9, 2024), but the government rejected his proposal.

Thus, even if somehow there were a waiver, it would be excused because: (1) *Milheiser* was decided *after* the opening brief

BENJAMIN L. COLEMAN LAW PC

constituting good cause, *Milheiser* was a fair rebuttal to the accurate-information theory argued throughout the government's answering brief, GB-2-3, 17-18, 20, 23, 35, 39, and failure to consider a "*Milheiser* claim" would result in manifest injustice; (2) the government had five months to address *Milheiser* and can also do so at oral argument; and (3) by rejecting supplemental briefing, the government apparently believes it addressed the issues and has not been prejudiced. *United States v. Salman*, 792 F.3d 1087, 1090 (9th Cir. 2015); *Randle v. Crawford*, 604 F.3d 1047, 1056 (9th Cir. 2010).

Respectfully submitted,

*s/Benjamin L. Coleman*
BENJAMIN L. COLEMAN
Benjamin L. Coleman Law PC
*Counsel for Appellant Julian Omidi*

BENJAMIN L. COLEMAN LAW PC