

U.S. Department of Justice

***United States Attorney's Office***
***Central District of California***

*Suria M. Bahadue*
*Assistant United States Attorney*
*Deputy Chief, General Crimes Section*
*suria.bahadue@usdoj.gov*

*1200 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*
*(213) 894-5487 (telephone)*

October 25, 2024

Molly Dwyer
Clerk of Court
U.S. Court of Appeals
(Via Ninth Circuit CM/ECF)

Re:  *United States v. Julian Omidi*, CA Nos. 23-1719, 23-1941, 23-1959
 (Cal.—November 8, 2024—Phoenix)

Dear Ms. Dwyer:

The government responds to defendant's fourth Rule 28(j) letter, which does not cite any new authority and instead argues that he has not waived a "*Milheiser* claim."

In his opening brief, defendant Omidi did not challenge the legal standard for materiality, the jury instruction for materiality, or the government's theory of fraud.  Rather, Omidi argued that the issue presented was whether the government may "prove [] materiality" "without introducing the insurance plans."  (AJOB-1, 20-28 (arguing the "government's materiality evidence was insufficient"); AJRB-10 (seeking dismissal for "want of sufficient proof").)  That claim challenged the government's *evidence* of materiality, not the *legal standard* for materiality or the government's theory of fraud.  Thus, Omidi's newfound materiality arguments are waived because they were presented for the first time in his reply brief and Rule 28(j) letters.

This Court should reject Omidi's alternative claim that any waiver should be excused.  At trial, Omidi asked for the type of "essential-

element-of-the-bargain" jury instruction endorsed in *Milheiser*. (2-ER-455.) Nothing prevented him from challenging the district court's failure to give that instruction in his opening brief (like Milheiser); indeed, he challenged another instruction—notwithstanding precedent foreclosing it (GCAB-43-51).

Omidi's assertion that he is responding to a new "inaccurate-information theory" is similarly misplaced. To start, Omidi raised his inaccurate-information claim below when he sought a sentencing stay and bail pending appeal. (CR-1837; CR-1858; CR-1880.) He knew about this argument and chose not to pursue it. Regardless, the government has never argued that the deprivation of *any* inaccurate information would have satisfied the materiality standard. Rather, the government—in responding to a sufficiency claim, not a claim about the legal standard—argued that accurate submissions was one of *many* insurer requirements that obviated admission of the insurance plans to prove materiality. (GCAB-27-39.)

Finally, the government has been prejudiced by Omidi's multiple attempts to raise new claims on the eve of oral argument. Most relevant, the government has not been able to brief why any purported *Milheiser* error was harmless, which it was. The remedy for this prejudice, however, is not more supplemental briefing—it is enforcement of this Court's waiver rules.

Sincerely,

E. MARTIN ESTRADA
United States Attorney

/s/ *Suria M. Bahadue*

SURIA M. BAHADUE
Assistant United States Attorney
Deputy Chief, General Crimes Section